IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRALYNN D. JONES                                                                   PLAINTIFF

v.                                          Civil No. 4:21-cv-04034

SHERIFF JACKIE RUNION, Miller County,
Arkansas; WARDEN JEFFIE WALKER                                        DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff, Tralynn D. Jones, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted on April 14, 2021. (ECF No. 3). On June 3, 2021, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 16). Before the Court is the Plaintiff's failure to prosecute this case.

On October 25, 2021, this Court directed Plaintiff to respond to the Motion for Summary Judgment (ECF No. 19) by November 15, 2021. (ECF No. 22). Plaintiff has not responded to the Motion.

On November 29, 2021, a show cause Order was entered giving Plaintiff until December 20, 2021, to show cause why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 26). The Order further stated: "Failure to respond to this Order **shall** result in the dismissal of this action." *Id*. Plaintiff did not respond to the show cause order.

Although *pro se* pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1

1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Amended Complaint in this case should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 6th day of January 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE